**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-05-14 |
| | § | |
| JESUS JAVIER GARCIA-TAVITAS, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR REDUCED SENTENCE**

On October 14, 2008, the Clerk received a motion from Defendant Jesus Javier Garcia-Tavitas, which is titled as a "Motion for the Reduction of Sentence on Rehabilitation." (D.E. 20.)  In it, Garcia asks that he be given a reduction in his sentence.  He explains that he cooperated with authorities, that he is remorseful for his criminal conduct, and he also describes his attempts to rehabilitate himself while incarcerated.   Additionally, he contends that his reduced sentence would assist in providing a "just ... solution to the current American crisis," which includes prison overcrowding and economic strife. (D.E. 20 at 7; see also id. at 5-6 (describing problems of prison over-crowding and the economic costs of war in the Middle East).)

Garcia was convicted after a guilty plea and sentenced on May 26, 2005 to 76 months in the custody of the Bureau of Prisons.  (D.E. 18, 19.)  Final judgment was entered on June 1, 2005.  (D.E. 19.)  He did not appeal and has not filed any post-conviction motions, other than the instant motion.

Although Garcia argues that the Court has authority to reduce his sentence pursuant

1

to 18 U.S.C. § 3553(a), that provision allows a court to impose a sentence below the advisory guideline range at the time of sentencing.  It does not provide authority, however, to resentence defendants.  Rather, this Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  See § 3582(c).

Garcia fails to assert grounds for modification that fall into any of the categories above.  Thus, this Court is without authority to reduce his sentence and his motion (D.E. 20) is DENIED.

It is so ORDERED this 7th day of November, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE